Turley, J.
delivered the opinion of the court.
The question presented for our consideration in this case, is whether the word heirs, as .used in a deed of gift, from' Charles Gent to his son Zachariah Gent is to be construed under the rule in Shelly’s case, as a word of limitation or a word of purchase; it was holden by the circuit judge, to be a word of purchase, and from this judgment the defendant appeals to this court.
The clause, in the deed of gift, in which the word is used, is as follows: “One negro boy called Jacob, about seven or eight years old, and one negro girl going on 6 years, called Frankey, and all her future increase,“I give to him (viz: Zachariah Gent,) during his life in trust for his heirs after his death.” To give any efficient meaning to these words, they must be construed as if they had read; “I give to him for life with remainder to his heirs after his death.” The words heirs is a technical word, and is always construed to be a word of limitation and not of purchase, unless there be other control-ing words, clearly showing that a contrary meaning was intended by its use. This it is said,/.is the case here, but, we cannot, upon legal principles, think so. There is another clause in the deed by which a tract of land is given to him in the words following: “In consideration of the good will and affection, I bear towards my son Zachariah Gent, I do give and make over to him, in trust, for the benefit of all the children that he may have, one tract of land,” &c.: now in. this clause, the word children is used, which is also a technical word and is always construed to be a word of purchase, unless it be so controlled by other words used so as to show that it was intended as a word of limitation. It is argued that by the use of the word children in the first clause of the deed it is fairly to be inferred, that the donor when he used the word heirs in the second meant children. This inference, is not le- *634 gitiraate; it would be as fair to argue, that<by the use of the word heirs, in the second clause, he meant hpirs, when he used the word children in the first. But the legal inference to be drawn from the use of these different words in two clauses of the deed, is that the donor knew their legal meaning and used them accordingly, for why should he vary them? and this inference is strengthened by the manner of using them: in the first clause the gift'is to all the children that he may have, shewing a disposition to provide for future children, and that in the second clause the gift is to heirs, generally, shewing no disposition to provide for children but to keep the property from descending otherwise than in the limitation.
We are therefore constrained upon legal grounds of construction to hold that the words heirs as used' in the second cláuse of this deed is a word of limitation, and not a word of purchase, and that the circuit judge erred in holding that the rule in Shelly’s case is not applicable to it.
Judgment reversed and case remanded.